## Robert C. Harrison's will.

ERROR TO THE FAYETTE COUNTY COURT.

*Undue influence.   Mental incapacity.*

JUDGE EWING delivered the Opinion of the Court.

WILL CASE.

*Case* 104.

*May* 27.

The decedent was, from old age and intemperance, of feeble body and mind, at the time he made the will offered for probate, which bears date the 8th November, 1838, and was at that time, most likely, incapable of digesting, arranging, and consummating a complicated contract; and the proof, by the subscribing witnesses, as to the manner and circumstances attending the presentation of the will to the testator, and the acknowledgement by him, are rather equivocal and unsatisfactory.   But when we take into consideration all the circumstances proven, all reasonable doubt and difficulty are removed.   His mind, as is evident from the proof, had often been exercised on the subject of a disposition of his property, after his death, and

HARRISON'S
WILL.

when aroused to action, could easily be brought to comprehend and embrace that disposition of it, which he had often contemplated.   And it seems that the will in question contains substantially, in all its important features, the same disposition of his property, that he had long intended, and that, it is almost a precise copy of a will which was entirely dictated by himself, in May previously, and which, on its face, contains strong intrinsic evidence of thought, reflection, memory, and judgment.   And relying upon the opinion of witnesses, as to his capacity to make a will, as well as the facts detailed by them, tending to that conclusion, there is a decided preponderance in favor of his capacity.

As to the difference which he made in the entire disposition of his property, between his sons and daughters, it seems that this was his settled purpose and intention, long entertained and determined on many years before; and the difference or inequality is not made in the will, but was made in the previous advancements which were made when he was in perfect health and vigor of mind and body.

Arguments and persuasions used by a testator's children to induce a devise to a brother's or sister's children, who were poor, is an influence worthily exerted and free from selfishness and should not condemn a will.

As to the influence which is charged to have been exerted over him by his sons, we think that there is no ground to impeach the will on that score.   All the testimony concurs in proving him to have been a man of extraordinary determination and fixedness of purpose, and difficult to be warped from the dictates of his own judgment by others.   All the influence that the testimony tends, in the slightest degree to establish, was an influence, by argument and persuasion, to induce him to give one share of his estate to the children of a deceased sister, who were poor, so as to place them on an equality with his children who were living and were all in better circumstances.   This was an influence worthily exerted, free from selfish or sinister ends, and in behalf of others, who were as worthy objects of the testator's bounty as any of his own children, and which subtracted from the provision which the parent designed for the sons.   We cannot believe that such an influence should condemn a will.   If by argument or reasons presented to the mind of a parent, by children or others, he becomes convinced

and makes his will accordingly, it is no less *his* will than if made by the voluntary action of his own mind, independent of such arguments or reasons.

A man may be aided by the views of others, in coming to a just conclusion, in this matter of disposing of his property by will, as well as in any other transaction of life. And if the influence thus attempted, is disinterested, no inference can arise that it was unduly or improperly exerted, or that the devisor was deceived or deluded by unfair means, into the publication of a will, variant from his then deliberate judgment.

Upon the whole, without going into an examination and analysis of the evidence in detail, we are satisfied that the testator was, at the time of making the will in question, of competent disposing mind and memory, and that the will was duly published as his last will and testament, and ought to be admitted to record as such.

It is, therefore, the opinion of this Court, that the judgment of the County Court rejecting the will, be reversed, and that the will be admitted to record in this Court, and a copy certified to the County Court of Fayette for record. And the appellant is entitled to his costs in this Court.

*Owsley* and *Robinson & Johnson* for the will: *S. M. Brown* contra.

A testator may be aided by the views of others in coming to a just conclusion as to the manner of disposing of his property by will, and the influence thereby exercised unless it be an interested influence cannot be deemed an undue influence.

Will ordered to record here.